# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

### SOUTHERN DIVISION

| | |
|---|---|
| INGRID VICTORIA SOSA<br>874 Quince Orchard Blvd<br>Apt# T2<br>Gaithersburg MD 20878<br>     Plaintiff,<br><br>V.<br><br>CUSTOMS AND BORDER PROTECTION<br>U.S. Department of Homeland Security<br>1300 Pennsylvania Ave. NW<br>Washington, DC 20229<br><br>OFFICE OF BIOMETRIC IDENTITY MANAGEMENT<br>U.S. Department of Homeland Security<br>245 Murray Lane, SW<br>Washington, D.C. 20528<br><br>Defendants | Case No: 1:20-cv-3294 |

## COMPLAINT

Plaintiff brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the disclosure and release of agency records improperly withheld from the plaintiff by codefendants, Office of Biometric Identity Management and Customs and Border Protection:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper under 5 U.S.C. § 522(a)(4)(B).

## THE PARTIES

3.      Plaintiff Ingrid Victoria Sosa is a non-citizen residing in the United States. She resides at 874 Quince Orchard Bvld., Apt#T2, Gaithersburg, MD 20078.  She entered the United States without inspection on or around April or May of 2005. She was apprehended by CBP officers upon her entry. Now, plaintiff seeks to pursue immigration relief. She cannot do so without reviewing her immigration records.

4.      Customs and Border Protection ("CBP") is the federal agency charged with interrogating "any alien or person believed to be an alien as to his right to be or to remain in the United States." INA § 287(a)(1), 8 U.S.C. § 1357(a)(1). CBP is headquartered at 1300 Pennsylvania Ave. NW Washington, DC 20229.

5.      The Office of Biometric Identity Management (OBIM) supports the Department of Homeland Security's responsibility to protect the nation by providing biometric identification services that help federal, state, and local government decision makers accurately identify the people they encounter and determine whether those people pose a risk to the United States. OBIM supplies the watchlist and ensures the integrity of the data.

## NATURE OF THE ACTION

6.      Plaintiff sought records related to her interactions with federal immigration enforcement actions against her. Defendants have failed to provide Plaintiff with the requested materials.

7.      Defendants have violated FOIA in the following ways: (1) by failing to respond to

Plaintiff's request within the statutorily prescribed time limit, (2) failing to disclose responsive documents, and (3) unlawfully withholding the requested information.

8. Plaintiff suffers harm due to Defendants' failure to provide responsive materials because without the information that she has requested through FOIA, she is unable to ascertain eligibility for immigration relief. Specifically, Plaintiff is currently unable to formulate legal arguments in her support without access to her immigration history.

9. Defendants' denial and delay prevents Plaintiff from moving forward with applications for which she may be eligible and causes unnecessary emotional hardship for her and her family. As a consequence of Defendants' denial and inaction, Plaintiff and her family are left in legal limbo while waiting to obtain records that hold the key to assessing her immigration options in the United States.

10. Plaintiff now requests that this Court order Defendants to respond to the FOIA requests and disclose all responsive records improperly withheld from Plaintiff as well as provide any other appropriate relief.

## STATUTORY FRAMEWORK

11. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

12. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. *Id*. § 552(a)(6)(A).

13. Defendants are "agenc[ies]" within the meaning of 5 U.S.C. § 552(f)(1) and therefore, must comply with the nondiscretionary statutory requirements of FOIA.

14. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. *Id*. § 552(a)(6)(A(i).

15. The determination "must at least inform the requestor of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. V. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

16. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B)(ii).

17. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requestor's requirement to exhaust administrative remedies. *Id*. § 552(a)(6)(C)(i).

18. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. *Id*. § 552(a)(4)(B).

### PLAINTIFF'S FOIA REQUEST AND THE DEFENDANT'S FAILURE TO RESPOND

19. Plaintiff filed two FOIA requests with defendants on August 22, 2019 Ex.1 and 2.

20. By letter dated September 3, 2019, codefendant CBP acknowledged receipt of this request, assigning control number 2020-15672. Ex. 3.

21. To date, codefendant CBP has provided no records in response to the FOIA

request, notwithstanding FOIA's requirement of an agency response within twenty (20) working days (or 30 days under unusual circumstances).

22. To date, codefendant OBIM has not provided even a confirmation letter in response to the FOIA request, notwithstanding FOIA's requirement of an agency response within twenty (20) working days (or 30 days under unusual circumstances).

23. Defendants have wrongfully withheld the requested records from Plaintiff.

24. Pursuant to 5 U.S.C. § 522(a)(6)(C)(i), plaintiff has exhausted his administrative remedies and may seek judicial review.

## REQUESTED RELIEF

## CAUSES OF ACTION

### First Claim
Failure to Comply with Statutory Deadlines in violation of FOIA

1. Plaintiff repeats, alleges, and reincorporates the foregoing paragraphs as if fully set forth herein.

2. Defendants CBP and OBIM have failed to determine Plaintiff's FOIA Request for over 250 days. CBP and OBIM have violated the deadlines under 5 U.S.C. §§ 552(a)(6)(E)(ii)(I), (a)(6)(A)(ii).

3. Plaintiff has constructively exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

### Second Claim
Improper Withholding of Agency Records in Violation of FOIA

4. Plaintiff repeats, alleges, and reincorporates the foregoing paragraphs as if fully set forth

herein.

5.     Defendants have failed to produce any records in response to Plaintiff's FOIA requests. Plaintiff has certain evidence that Defendants CBP and OBIM in fact maintain responsive records where they have stated that they do not have such records.

6.     Defendants' failure to produce these records violates their statutory obligation to make requested records promptly available to the public. 5 U.S.C. § 552(a).

### Third Claim
Failure to Conduct A Reasonable Search in violation of FOIA

7.     Plaintiff repeats, alleges, and reincorporates the foregoing paragraphs as if fully set forth herein.

8.     Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to FOIA requests and issue a determination concerning the requests within the time period set forth in 5 U.S.C. § 552(a)(6) –20 working days, to be extended by no more than 10 working days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances."

9.     Defendants have failed to make a reasonable effort to search for records sought by Plaintiff's request, and that failure violates FOIA, 5 U.S.C. § 552(a)(6)(A) and correspondent regulations.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A. Order Defendants to issue a determination within seven days;

B. Order Defendants to process the requested records in their entirety, to disclose the requested records in their entirety, and to make records available to Plaintiff in their entirety within 30 days;

C. Order Defendants to prepare *Vaughn* index for any document they seek to continue to withhold under a FOIA exemption.

D. Award Plaintiff costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

Respectfully submitted,

*/s/ Ivan Yacub*
 Ivan Yacub, Esq.
 Bar No.27628
 Yacub Law Offices
 12761 Darby Brook Court, Suite 102
 Woodbridge, VA 22192
 703-533-2347
 iyacublaw.com

## **Index of Exhibits**

| Exhibit | Description |
| --- | --- |
| 1 | FOIA request filed with CBP on August 22, 2019 |
| 2 | FOIA request filed with OBIM on August 22, 2019 |
| 3 | CBP FOIA acknowledgement receipt with control number 2019-079002 |